UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURWINDER KAUR,<br><br>             Plaintiff,<br><br>     v.<br><br>EVELYN NAVARRETTE AND NAVARETTE DANIEL EDGARDO,<br><br>             Defendants. | No.  2:16-cv-02894-TLN-GGH<br><br>**ORDER REMANDING CASE** |

This matter is before the Court pursuant to Defendants Evelyn Navarrette and Navarrette Daniel Edgardo's ("Defendants") Notice of Removal and motions to proceed in forma pauperis. (ECF Nos. 1–3.)  For the reasons set forth below, Defendants' motions to proceed in forma pauperis are GRANTED.  The Court hereby remands the action to the Superior Court of California, County of San Joaquin, due to lack of subject matter jurisdiction.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 5, 2016, Plaintiff Gurwinder Kaur ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of San Joaquin.  (Not. of Removal, ECF No. 1 at 1.) On December 9, 2016, Defendants filed a Notice of Removal in the United States District Court for the Eastern District of California.  (ECF No. 1.)  Defendants assert that removal is proper

because (i) "[t]he complaint presents federal questions" and (ii) "[f]ederal question exists because Defendant's [sic] Answer, a pleading depend [sic] on the determination of Defendant's [sic] rights and Plaintiff's duties under federal law." (ECF No. 1 at 2, ¶¶ 6, 10.)  For the reasons stated below, this Court finds that subject matter jurisdiction does not exist and thus this case must be remanded.

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendants removed this case to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2.)  Defendants argue that jurisdiction is proper under 28 U.S.C. § 1441(a) or (b).[1]

---

[1] Defendants fail to explain how or why subject matter jurisdiction exists under 28 U.S.C. § 1441(b). In fact, other than Defendants' passing mention of §1441(b), Defendants fail to discuss

(ECF No. 1 at 2.)  For jurisdiction to exist under § 1441(a), a federal question must be presented on the face of the plaintiff's properly pleaded complaint.  *Caterpillar*, 482 U.S. at 392.  Here, Defendants state without explanation that the "complaint presents federal questions."  (ECF No. 1 at 2, ¶ 6.)  However, Plaintiff's complaint[2] for unlawful detainer does not present a federal question on its face.  *See, e.g.*, *DVP, LP v. Champ*, No. 1:15-cv-00074-LJO-SKO, 2015 WL 12681672, at *2 (E.D. Cal. Jan. 29, 2015) ("[A]n unlawful detainer action, on its face, fails to raise a federal question.").  Defendants further claim that their Answer implicates federal questions because it requires a "determination of Defendant's [sic] rights and Plaintiff's duties under federal law."  (ECF No. 1 at 2, ¶ 10.)  An answer cannot confer federal question jurisdiction on this Court.  *See Vaden*, 556 U.S. at 60 (explaining federal jurisdiction can neither be "predicated on an actual or anticipated defense" nor "rest upon an actual or anticipated counterclaim").

To the extent Plaintiff's notice of removal seeks removal on the basis of Section 1441(b), this too fails.  Section 1441(b) allows for a case to be removed to federal court on the basis of diversity jurisdiction if the requirements of 28 U.S.C. § 1332(a) are met.  Section 1332(a) confers diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."  In an unlawful detainer action, only the right to possession of the property is at issue, not the title.  *See Deutsche Bank Nat'l Trust Co. v. Yanez*, ED-15-CV-02462-VAP-DTBx, 2016 WL 591752, at *2 (C.D. Cal. February 11, 2016) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)).  Consequently, the amount in controversy is determined by the amount sought in the complaint.  *See id*.  Here, Defendants fail to meet the $75,000 threshold as Plaintiff seeks less than $10,000 in diversity jurisdiction.  Nonetheless, this Court discusses below why removal is improper under §1441(b).

---

[2] Exhibit A to the Notice of Removal attaches the summons, the complaint and Defendants' answer.  (*See* ECF No. 1 at 5–10.)  Certain parts of Exhibit A are illegible and the Court suspects it omits pages of the documents it purports to attach.  However, these deficiencies do not prevent the Court from ascertaining nature of the complaint, particularly when read in context with the Defendants' description of it in the Notice of Removal.

1 | the complaint.  (*See* ECF No. 1 at 6.)

2 | Thus, Defendants have failed to establish the burden of showing that jurisdiction before this Court is proper, and it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of San Joaquin.  In removing this case, Defendants each filed a motion to proceed in forma pauperis.  (*See* ECF No. 2–3.)  The Court has reviewed these motions and finds that each Defendant meets the requirements of in forma pauperis status and thus grants Defendants' requests.

IT IS SO ORDERED.

Dated: December 15, 2016

Troy L. Nunley
United States District Judge